# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

JAMES T. COSTELLO,
*Plaintiff*,

v.

No. 3:21-cv-01388 (VAB)

WELLS FARGO BANK NA et al.,
*Defendants*.

## RULING AND ORDER ON MOTIONS TO DISMISS

James T. Costello has sued Wells Fargo Bank, NA ("Wells Fargo"); Nationstar Mortgage LLC *doing business as* Mr. Cooper ("Nationstar"); US Bank Trust NA ("US Bank"); Milford Law LLC *doing business as* Kapusta, Otzel & Averaimo *also known as* Barton Gilman LLP ("Milford Law"); Paul Lewis Otzel; Cooke Law LLC; Crystal Lyn Cooke; McCalla Raymer Liebert Pierce LLC; Linda Jane St. Pierre; Victoria Lynn Forcella; Lynwood Condominium Association Inc. ("Lynwood Condominium"); Pilicy & Ryan PC *also known as* Franklin G Pilicy PC; Franklin G. Pilicy; Charles A. Ryan; and Jillian A. Judd (collectively, "Defendants") for alleged violations of various state and federal laws arising from a foreclosure action in Waterbury, Connecticut.

Defendants have moved to dismiss on the basis of lack of subject matter jurisdiction, or, in the alternative, for failure to state a claim upon which relief can be granted. *See* Mot. to Dismiss, ECF No. 25 (Nov. 17, 2021) (Crystal Lyn Cooke and Cooke Law LLC motion to dismiss); Wells Fargo Bank, N.A.'s Mot. to Dismiss, ECF No. 57 (Dec. 8, 2021) (Wells Fargo motion to dismiss); Mot. to Dismiss of Defs. Milford Law/Barton Gilman/Otzel, ECF No. 67 (Dec. 16, 2021) (Milford Law and Paul Lewis Otzel motion to dismiss); Defs.' Mot. to Dismiss,

1

ECF No. 72 (Dec. 17, 2021) (Franklin Pilicy, Jillian Judd, Pilicy & Ryan PC, and Charles A.

Ryan motion to dismiss); Mot. to Dismiss by Lynwood Condominium Association, ECF No. 74

(Dec. 18, 2021) (Lynwood Condominium motion to dismiss); Mot. to Dismiss Pl.'s Compl., ECF

No. 87 (Dec. 29, 2021) (Nationstar motion to dismiss); Mot. to Dismiss Pl.'s Compl., ECF No.

90 (Dec. 29, 2021) (Victoria Lynn Forcella, McCalla Raymer Liberty Pierce LLC, and Linda

Jane St. Pierre motion to dismiss); U.S. Bank Trust, N.A., Not in its Individual Capacity, but

Solely as Owner Trustee for VRMTG Trust's Mot. to Dismiss Pl.'s Compl., ECF No. 93 (Jan. 7,

2022) (US Bank motion to dismiss).

For the reasons explained below, the [25], [57], [67], [72], [74], [87], [90], and [93]

motions to dismiss are **GRANTED.**

## I.    BACKGROUND

### A.  Factual Background

On or about September 12, 2003, Mr. Costello "executed a mortgage on 335 Perkins

Avenue, Unit 7, Waterbury, Connecticut (real property)[,]" the ("Property"), Compl. ¶ 34, a

mortgage allegedly secured by a promissory note with Wells Fargo, *id.* ¶ 35.

Until on or around May of 2014, Mr. Costello allegedly made continuous payments

according to the terms of the mortgage. *Id.* ¶ 37. Thereafter, on July 24, 2014, Mr. Costello filed

a voluntary petition for bankruptcy under Chapter 7 ("Petition") in the United States Bankruptcy

Court for the District of Connecticut. *Id.* ¶ 38; *see also In re Costello*, No. 14-BK-51156 (Bankr.

D. Conn. filed July 24, 2014).[1]

---

[1] The Court takes judicial notice of this and other related actions involving Mr. Costello, as referenced throughout this Ruling and Order. *See Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) ("[I]t is proper to take judicial notice of the *fact* that press coverage, prior lawsuits, or regulatory filings contained certain information, without regard to the truth of their contents . . . ." (citation omitted)); *see also Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." (internal quotation marks and citation omitted)).

On October 8, 2015, Wells Fargo commenced a foreclosure action on the mortgage ("First Foreclosure Action"). [2] *See Wells Fargo Bank, N.A. v. Costello et al.*, No. UWY-CV15-6028725-S (Conn. Super. Ct. filed Oct. 19, 2015). The foreclosure action was later dismissed. *Id.*; *see also* Compl. ¶¶ 48–51.

On November 6, 2018, Nationstar commenced a second foreclosure action against Mr. Costello ("Second Foreclosure Action"). *Nationstar Mortgage LLC v. James T. Costello et al.*, No. UWY-CV18-6044642-S (Conn. Super. Ct. filed Nov. 26, 2018). On January 18, 2019, the clerk entered a default against Mr. Costello in that case for failure to plead. *See id.* The Second Foreclosure Action remains pending.

### B.  Procedural Background

On December 19, 2021, Mr. Costello filed this Complaint *pro se* in federal court, alleging nine counts: (1) civil contempt under 11 U.S.C. § 524 ("Count One"); (2) civil contempt under Connecticut General Statutes § 47-36(f) ("Count Two"); (3) civil contempt under 12 U.S.C. § 4617(j)(1)(3) ("Count Three"); (4) civil contempt under Connecticut General Statutes § 49-31s(b)(3) ("Count Four"); (5) abuse of process under Connecticut General Statutes § 49-10 ("Count Five"); (6) abuse of process under Connecticut General Statutes § 49-51 ("Count Six"); (7) abuse of process under Connecticut General Statutes § 21-210 ("Count Seven"); (8) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 ("Count Eight"); and (9) violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Connecticut General Statutes § 42-110a ("Count Nine"). Compl. In addition, throughout the Complaint, Mr. Costello alleges violation of his federal constitutional and statutory rights under 42 U.S.C. § 1983. *See,*

---

[2] On May 8, 2015, Lynwood also allegedly filed a foreclosure action against the Plaintiff, *Lynwood Condominium Association v. Costello et al.*, UWY-CV15-6027164, in which defendant Pilicy & Ryan represented Lynwood. Compl. ¶ 47. Lynwood, however, allegedly withdrew its suit. *Id.*

*e.g.*, *id.* ¶¶ 1, 6.

On November 17, 2021, Crystal Lyn Cooke and Cooke Law LLC filed a motion to dismiss on the basis of: (1) litigation privilege; (2) failure to state a claim against Cooke Law LLC and under 42 U.S.C. § 1983; (3) failure to state a claim of "civil contempt," as to Counts One through Four; (4) failure to state a claim of abuse of process, as to Count Five; (5) failure to state a claim, as to Count Six; (6) failure to state a claim under the FDCPA, including as to the statute of limitations, as relevant to Count Eight; and (7) lack of standing as to the CUTPA claim in Count Nine. *See* Mot. to Dismiss, ECF No. 25 (Nov. 17, 2021); Mem. of Law in Supp. of Mot. to Dismiss, ECF No. 25-1 (Nov. 17, 2021) ("First Mot. to Dismiss"). Mr. Costello opposed this motion. *See* Pl.'s Mem. of Law in Opp'n to Def.'s Cooke Law LLC *formerly known as* Sandelands Eyet LLP and Crystal Lynn Cooke's Mot. to Dismiss, ECF No. 95 (Jan. 7, 2022) ("First Obj.").

On December 8, 2021, Wells Fargo filed a second motion to dismiss, on the basis that Mr. Costello's claims against Wells Fargo: (1) fail to meet minimum pleading standards, including alleging the requisite personal involvement; (2) are barred by *res judicata* and collateral estoppel; (3) are precluded by the litigation privilege; and (4) fail to provide a factual basis upon which relief can be granted. *See* Wells Fargo Bank, N.A.'s Mot. to Dismiss, ECF No. 57 (Dec. 8, 2021); Wells Fargo Bank N.A.'s Mem. of Law in Supp. of its Mot. to Dismiss, ECF No. 58 (Dec. 8, 2021) ("Second Mot. to Dismiss"). Mr. Costello opposed this motion. *See* Pl.'s Mem. of Law in Supp. of Obj. to Defs.' Mot. to Dismiss (ECF No. 57), ECF No. 117 (Feb. 19, 2022) ("Second Obj."). On March 3, 2022, Wells Fargo filed a reply. *See* Reply in Supp. of Wells Fargo Bank, N.A.'s Mot. to Dismiss, ECF No. 125 (Mar. 3, 2022).

On December 16, 2021, Milford Law and Paul Lewis Otzel filed a third motion to

dismiss, on the basis of: (1) litigation privilege; (2) failure to state a cause of action under 42 U.S.C. § 1983; (3) failure to state a cause of action for civil contempt; (4) failure to state a claim for abuse of process; (5) failure to state a claim under the FDCPA; and (6) failure to state a claim under CUTPA. *See* Mot. to Dismiss of Defs. Milford Law/Barton Gilman/Otzel ECF No. 67 (Dec. 16, 2021); Mem. in Supp., ECF No. 68 (Dec. 16, 2021) ("Third Mot. to Dismiss"). Mr. Costello opposed this motion. *See* Pl.'s Mem. of Law in Supp. of Obj. to Defs.' Mot. to Dismiss (ECF 67), ECF No. 106 (Feb. 7, 2022) ("Third Obj."). On February 21, 2022, Milford Law and Paul Lewis Otzel filed a reply. *See* Reply Mem. of Law in Supp. of Mot. to Dismiss, ECF No. 120 (Feb. 21, 2022).

On December 17, 2021, Franklin Pilicy, Jillian A. Judd, Pilicy & Ryan PC, and Charles A. Ryan filed a fourth motion to dismiss, arguing that Mr. Costello's claim should be dismissed where: (1) the Complaint fails to state a claim under Section 1983 because Section 1983 only applies to state actors and Mr. Costello has not, and cannot, allege that any of the Defendants are, or were, state actors; (2) there is no independent cause of action for civil contempt; (3) several statutes relied on by Mr. Costello, including 11 U.S.C. § 524, Conn. Gen. Stat. § 47-36f, and 12 U.S.C. § 4617(j)(1)(3), do not provide for private rights of action; (4) the abuse of process claim in Count Seven does not state a viable, private right of action; (5) the FDCPA claim does not sufficiently allege what provisions of the FDCPA Defendants purportedly violated or how they allegedly violated them, and (6) lack of standing to bring CUTPA claims against Defendants who were attorneys for Mr. Costello's adversary. *See* Defs.' Mot. to Dismiss, ECF No. 72 (Dec. 17, 2021); Mem. of Law in Supp. of Defs.' Mot. to Dismiss, ECF No. 72-1 (Dec. 17, 2021) ("Fourth Mot. to Dismiss"). Mr. Costello opposed this motion. *See* Pl.'s Mem. of Law in Supp. of Obj. to Defs.' Mot. to Dismiss, ECF No. 113 (Feb. 10, 2022) ("Fourth and Fifth Obj.").

On December 18, 2021, Lynwood Condominium Association filed a fifth motion to dismiss, on the basis of: (1) *Colorado River* abstention; and (2) failure to state a claim upon which relief can be granted as to the civil contempt, abuse of process, FDCPA and CUTPA claims. *See* Mot. to Dismiss by Lynwood Condominium Association, ECF No. 74 (Dec. 18, 2021); Mem. in Supp. of Mot. to Dismiss by Lynwood Condominium Association, ECF No. 74-1 (Dec. 18, 2021) ("Fifth Mot. to Dismiss"). Mr. Costello opposed the motion. *See* Fourth and Fifth Obj. On February 21, 2022, Lynwood Condominium filed a reply. *See* Reply to Opp'n to Mot. to Dismiss by Lynwood Condominium Association, ECF No. 119 (Feb. 21, 2022).

On December 29, 2021, Nationstar filed a sixth motion to dismiss, on the basis of: (1) *Younger* and *Colorado River* abstention; (2) lack of subject matter jurisdiction under *Rooker-Feldman*; (3) lack of federal question jurisdiction under 29 U.S.C. § 1447(c); and (4) all additional reasons previously advanced by Wells Fargo. *See* Mot. to Dismiss Pl.'s Compl., ECF No. 87 (Dec. 29, 2021) ("Sixth Mot. to Dismiss"). That same day, Victoria Lynn Forcella, McCalla Raymer Liberty Pierce LLC, and Linda Jane St. Pierre (the "MRLP Defendants") filed a seventh motion to dismiss, on the basis of *Younger* abstention, *Colorado River* abstention, the litigation privilege, and lack of personal jurisdiction over the MLRP Defendants.[3] *See* Mot. to Dismiss Pl.'s Compl., ECF No. 90 (Dec. 29, 2021) ("Seventh Mot. to Dismiss"). Mr. Costello opposed both motions. *See* Pl.'s Mem. of Law in Supp. of Obj. to Defs.' Mot to Dismiss (ECF 87), ECF No. 118 (Feb. 21, 2022) ("Sixth Obj."); Pl.'s Mem. of Law in Supp. of Obj. to Defs.' Mot. to Dismiss, ECF No. 116 (Feb. 18, 2022) ("Seventh Obj.").

On January 7, 2022, US Bank filed the eighth motion to dismiss, seeking dismissal on the

---

[3] The Court notes that this argument based on lack of personal jurisdiction actually seeks dismissal, under Federal Rule of Civil Procedure 12(b)(5), for insufficient service of process. *See* Seventh Mot. to Dismiss at 8–9. Where no motion under Rule 12(b)(5) has been made, and where the claims are otherwise dismissed, the Court need not address this argument.

basis of: (1) failure to state a claim upon which relief can be granted; (2) failure of the Complaint to provide fair notice of the basis of the suit; (3) collateral estoppel; and (4) all reasons argued by Nationstar and Wells Fargo. *See* U.S. Bank Trust, N.A., Not in its Individual Capacity, but Solely as Owner Trustee for VRMTG Trust's Mot. to Dismiss Pl.'s Compl., ECF No. 93 (Jan. 7, 2022); Mem. of Law in Supp. of U.S. Bank Trust, N.A., Not in its Individual Capacity, but Solely as Owner Trustee for VRMTG Trust's Mot. to Dismiss Pl.'s Compl., ECF No. 93 (Jan. 7, 2022) ("Eighth Mot. to Dismiss"). Mr. Costello opposed the motion. *See* Pl.'s Mem. of Law in Supp. of Obj. to Defs.' Mot. to Dismiss (ECF 93), ECF No. 121 (Feb. 21, 2022) ("Eighth Obj.").

Since filing this lawsuit, Mr. Costello has filed multiple motions for default judgment. *See* Mots. for Default Entry, ECF Nos. 32, 33, 34, 35, 36, 37, 62. Mr. Costello also has filed motions to disqualify various defense counsel. *See* Mots. to Disqualify Counsel, ECF Nos. 45, 83.

## II.   STANDARD OF REVIEW

### A.  Rule 12(b)(1)

A case is properly dismissed for lack of subject matter jurisdiction under [Federal] Rule [of Civil Procedure] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). The plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction over the claims. *See id.*

"When considering a motion to dismiss [under] Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000); *see also Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (quoting *Sweet*, 235 F.3d at 83). The court, however, may also

resolve disputed jurisdictional issues "by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Karlen ex rel. J.K. v. Westport Bd. of Educ.*, 638 F. Supp. 2d 293, 298 (D. Conn. 2009) (citing *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000)).

"When the Rule 12(b)(1) motion is facial, *i.e.*, based solely on the allegations of the complaint . . ., the plaintiff has no evidentiary burden." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). "A defendant is [also] permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the [p]leading." *Id.* "In opposition to such a motion, the plaintiffs will need to come forward with evidence of their own to controvert that presented by the defendant 'if the affidavits submitted on a 12(b)(1) motion . . . reveal the existence of factual problems in the assertion of jurisdiction." *Id.* (quoting *Exch. Nat'l Bank of Chi. v. Touche Ross & Co.*, 544 F.2d 1126, 1131 (2d Cir. 1976)).

### B. Rule 12(b)(6)

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "two working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." (internal citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of the City of N.Y.*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.").

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court also may consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

## III.    DISCUSSION

Because federal courts are courts of limited jurisdiction, "[c]ustomarily, a federal court first resolves any doubts about its jurisdiction over the subject matter of a case before reaching

9

the merits or otherwise disposing of the case." *Cantor Fitzgerald, L.P., v. Peaslee*, 88 F.3d 152, 155 (2d Cir. 1996); *see also Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990) ("[T]he court should consider the Rule 12(b)(1) challenge first since if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined." (citing 5 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1350, 548 (1969))). As a result, this Court will first address its subject matter jurisdiction to adjudicate this matter, before turning the merits of the claims.

### A.  Subject Matter Jurisdiction

As a general matter, federal courts may not decline to exercise jurisdiction where it has properly been asserted by a plaintiff. *See Sprint Commc'ns v. Jacobs*, 571 U.S. 69, 77 (2013) ("Federal courts, it was early and famously said, have 'no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given.' Jurisdiction existing, this Court has cautioned, a federal court's 'obligation' to hear and decide a case is 'virtually unflagging.'" (quoting *Cohens v. Virginia*, 19 U.S. 264, 404 (1821); *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976))).

But the Supreme Court has nevertheless recognized several doctrines of equitable abstention that may, in rare circumstances, permit federal courts to abstain from jurisdiction. *See New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 359 (1989) ("[T]here are some classes of cases in which the withholding of authorized equitable relief because of undue interference with state proceedings is 'the normal thing to do.' We have carefully defined, however, the areas in which such 'abstention' is permissible[.]" (quoting *Younger v. Harris*, 401 U.S. 37, 45 (1971); *Colo. River*, 424 U.S. at 813 ("Abstention from the exercise of federal jurisdiction is the exception, not the rule."))).

Lynwood Condominium Association, Inc., Nationstar, Victoria Lynn Forcella, McCalla Raymer Liberty Pierce, LLC, and Linda Jane St. Pierre have argued that the *Younger*, *Colorado River*, and/or *Rooker-Feldman* doctrines of abstention apply to prevent the Court from exercising jurisdiction over Mr. Costello's claims.

The Court will analyze its jurisdiction under each of these abstention doctrines below.

### 1. *Younger* Abstention

Under the *Younger* abstention doctrine, federal courts must abstain from ruling in cases that contain parallel issues to those in state criminal proceedings, "certain civil enforcement proceedings, and civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Disability Rights N.Y. v. New York*, 916 F.3d 129, 133 (2d Cir. 2019) (citing *Sprint*, 571 U.S. at 78) (internal quotation marks omitted). "[W]hen *Younger* applies, abstention is mandatory and its application deprives the federal court of jurisdiction in the matter." *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 197 (2d Cir. 2002) (citing *Colo. River*, 424 U.S. at 816 n.22).

Although "[a] state foreclosure action . . . is one of the types of actions in which federal courts abstain from interfering, [under] *Younger*," *Lindsay v. Tierney*, No. 3:18-CV-840 (JCH), 2019 WL 132728, at *3 (D. Conn. Jan. 8, 2019), Mr. Costello has not moved to enjoin the ongoing state court proceedings here.. Rather, he has sued for compensatory damages, among other relief.[4] *See* Compl. at 41. As the Second Circuit has explained, "[w]hen money damages, as

---

[4] Mr. Costello does seek, among multiple forms of other relief, "equitable relief including but not limited to invalidation and dismissal of the underlying foreclosure action and all claimed expenses relating thereto[.]" Compl. at 41. It is unclear what foreclosure action Mr. Costello seeks to enjoin through this request. To the extent Mr. Costello has sought to enjoin the ongoing Second Foreclosure Action, which the Court does not decide here, such a request may be barred under the principles of *Younger* abstention; however, the Court will, in deference to Mr. Costello's *pro se* status, interpret this request for relief in the light most favorable to Plaintiff, as not seeking an injunction of ongoing state proceedings. *See Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (Complaints filed by *pro se* plaintiffs "must be construed liberally and interpreted to raise the strongest arguments that they

opposed to equitable relief, are sought, it is less likely that unacceptable interference with the ongoing state proceeding, the evil against which *Younger* seeks to guard, would result from the federal court's exercise of jurisdiction." *Kirschner v. Klemons*, 225 F.3d 227, 238 (2d Cir. 2000). As a result, the Second Circuit has held that "abstention and dismissal are inappropriate when damages are sought, even when a pending state proceeding raises identical issues and we would dismiss otherwise identical claims for declaratory and injunctive relief . . . ." *Id.*

Accordingly, the Court finds that abstention is not required under *Younger*.

### 2. *Colorado River* **Abstention**

Under the *Colorado River* abstention doctrine, federal courts may abstain from exercising their jurisdiction in cases that "do not fit neatly" into the three categories from *Younger* but where state and federal courts still "exercise concurrent jurisdiction simultaneously." *Vill. of Westfield v. Welch's*, 170 F.3d 116, 120 (2d Cir. 1999) (quoting *Burnett v. Physician's Online, Inc.*, 99 F.3d 72, 76 (2d Cir. 1996) and citing, *inter alia*, *Colo. River*, 424 U.S. at 817–18). Unlike abstention under *Younger*, abstention under *Colorado River* is discretionary. *See Woodford v. Cmty. Action Agency of Greene Cnty., Inc.*, 239 F.3d 517, 523 (2d Cir. 2001).

"The principles of *Colorado River* are to be applied only in situations involving the contemporaneous exercise of concurrent jurisdictions." *Dittmer v. Suffolk*, 146 F.3d 113, 117–18 (2d Cir. 1998) (citation and internal quotation marks omitted). "Therefore, a finding that the concurrent proceedings are 'parallel' is a necessary prerequisite to abstention under *Colorado River*." *Id.* at 118 (citing *All. of Am. Insurers v. Cuomo*, 854 F.2d 591, 603 (2d Cir. 1988); *Day v. Union Mines Inc.*, 862 F.2d 652, 655 (7th Cir. 1988)).

---

suggest." (internal citation omitted)). Any challenge Mr. Costello seeks to bring to dismiss existing judgments against him will be addressed below, in this Court's analysis of the *Rooker-Feldman* doctrine. *See infra* III.A.3.

A key factor in determining whether actions are genuinely concurrent is whether there is a substantial identity of parties between the state and federal actions. *See Day*, 862 F.2d at 655 ("Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issues in another forum." (internal citation and quotation marks omitted)), *cited with approval in Dittmer*, 146 F.3d at 118; *Aurelius Cap. Master, Inc. v. MBIA Ins. Corp.*, 695 F. Supp. 2d 68, 73 (S.D.N.Y. 2010) ("While the Second Circuit has identified numerous factors relevant to determining whether abstention is appropriate under this doctrine, the threshold requirement is that there be a substantial identity of parties between the state and federal actions."). "[C]ommonality in subject matter" alone "does not amount to the 'contemporaneous exercise of concurrent jurisdictions.'" *Dittmer*, 146 F.3d at 118 (citation omitted).

Here, the Court finds that while the federal and state court proceedings do share a common subject matter, there is not a substantial identity of parties. The Complaint names law firms and individuals that are not a party to the various state court proceedings as a defendant. These differences in parties prevent this Court from finding that these proceedings are, in fact, concurrent and parallel.

Accordingly, the Court need not abstain under *Colorado River*.

### 3. *Rooker-Feldman* abstention

The *Rooker-Feldman* doctrine bars a party from seeking what is in substance appellate review of the state judgment in federal district court based on the party's claim that the state judgment violates his or her federal rights. *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 414–15 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). The *Rooker-Feldman* doctrine renders certain cases beyond the reach of the federal district courts. *Feldman*,

13

460 U.S. at 486 ("[Federal district courts] do not have jurisdiction, however, over challenges to

state court decisions in particular cases arising out of judicial proceedings even if those

challenges allege that the state court's action was unconstitutional.").

Four requirements must be met for the doctrine to apply: (1) the federal court plaintiff

must have lost in state court; (2) the plaintiff must complain of injuries caused by that state court

judgment; (3) the plaintiff must invite the district court to review and reject the judgment; and (4)

the state court judgment must have been rendered before the district court proceeding

commenced. *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005) (citations

omitted).

The *Rooker-Feldman* doctrine applies to foreclosure actions in the Second Circuit. *See,*

*e.g.*, *U.S. Bank, Nat'l Ass'n as Tr. for Bear Sterns Asset Backed Sec. I Tr. 2006-AC1, Asset-*

*Backed Certificates, Series 2006-AC1 v. Profeta*, No. 3:18-cv-1710 (CSH), 2019 WL 2185725,

at *6 (D. Conn. Mar. 26, 2019) ("[T]he Second Circuit has held that district courts lack

jurisdiction over completed foreclosure actions, as well as collateral attacks upon them, on

jurisdictional grounds based on the abstention doctrine set forth in [*Rooker*]." (citing, *inter*

*alia*, *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014))); *see*

*also Gonzalez v. Deutsche Bank Nat'l Tr. Co.*, 632 F. App'x 32, 34 (2d Cir. 2016) (summary

order) ("[I]nsofar as plaintiffs here (1) contend that Deutsche Bank (a) lacked standing to pursue

their home's foreclosure in state court, . . . or (b) fraudulently obtained title to the home, . . . or

(2) seek to recover for injuries caused by the state judgment, their claims are barred because the

validity of the foreclosure was already fully adjudicated in the state-court proceeding.").

The Court, however, "must engage in a case-by-case determination of the applicability of the *Rooker-Feldman* doctrine, even in a case concerning a foreclosure." *Tanasi v. CitiMortgage, Inc.*, 257 F. Supp. 3d 232, 250 (D. Conn. 2017) (internal citation and quotation marks omitted).

Mr. Costello did receive a default judgment in a foreclosure action in state court which concluded before he commenced this lawsuit; therefore, the first and fourth *Hoblock* requirements likely are satisfied. The second and third requirements, however, arguably are not, at least as to the FDCPA and CUTPA claims.

Where a plaintiff alleges claims that are "independent from the state court judgment of foreclosure," *Rooker–Feldman* does not deprive the court of jurisdiction. *McCann v. Rushmore Loan Mgmt. Servs., LLC*, No. 15-CV-6502, 2017 WL 1048076, at *4 (E.D.N.Y. Mar. 16, 2017); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005) (If a plaintiff "presents some independent claim," even "one that denies a legal conclusion that a state court has reached in a case to which he was a party[,] then there is jurisdiction. . . ." (alteration omitted)). This is true "even if the [claims] involve the identical subject matter and parties as previous state-court suits." *Hoblock*, 422 F.3d at 86; *see also Tanasi*, 257 F. Supp. 3d at 253 (holding that because plaintiffs argue "that [defendant] committed independent violations of [consumer protection statutes including CUTPA,] [ ] all of which grant [plaintiffs] independent rights as consumers and borrowers," *Rooker-Feldman* did not bar their claims).

Here, the "question of whether the Defendants violated the FDCPA does not . . . require review of the state-court judgment." *McCrobie v. Palisades Acquisition XVI, LLC*, 664 F. App'x 81, 83 (2d Cir. 2016) (summary order). As the Second Circuit has explained, an "underlying state-court judgment can be perfectly valid, and the Defendants can still have violated the

FDCPA by making false, deceptive, or misleading communications or using unfair or unconscionable means in the course of attempting to collect on the judgment." *Id.*; *see also Vossbrinck*, 773 F.3d at 426–27 (plaintiff's claims that defendants "had violated various state and federal laws in issuing and servicing his loan" were not barred by *Rooker-Feldman* "because they seek damages from [d]efendants for injuries [plaintiff] suffered from their alleged fraud, the adjudication of which does not require the federal court to sit in review of the state court judgment").

Under the same logic, claims under CUTPA arising from foreclosure actions also generally are not barred by *Rooker-Feldman*. *See Williams v. Countrywide Bank*, No. 3:18-CV-2007 (VAB), 2020 WL 4059883, at *10 (D. Conn. July 19, 2020) (denying motion for dismissal based on *Rooker-Feldman* abstention where the complaint alleged that "[d]efendants fraudulently pursued foreclosure actions against [plaintiff]" and "that [d]efendants violated CUTPA, a consumer protection statute"), *recons. denied*, No. 3:18-CV-2007 (VAB), 2021 WL 664041 (D. Conn. Feb. 19, 2021); *see also Worthy-Pugh v. Deutsche Bank Nat'l Tr. Co.*, 664 F. App'x 20, 21 (2d Cir. 2016) (summary order) ("The *Rooker-Feldman* doctrine does not prevent a district court from reviewing a claim for damages stemming from an allegedly fraudulent foreclosure judgment, because the district court can determine damages liability without reviewing the propriety of the state court judgment.").

Mr. Costello has alleged claims under FDCPA and CUTPA that seek damages related to, *inter alia*, alleged deviation from applicable loan serving standards and intentional actions to increase borrower debt. *See, e.g.*, Compl. ¶¶ 217–218. Based on these claims, and, at least at this stage of the proceedings, Mr. Costello has presented at least some claims that are sufficiently

"independent" from the foreclosure action in state court so as to not invite the Court's "review and rejection of that judgment." *Hoblock*, 422 F.3d at 86.

Accordingly, the Court need not abstain under *Rooker-Feldman*, and it retains subject matter jurisdiction over the dispute.

### B. Failure to State a Claim

#### 1. Civil Contempt under 11 U.S.C. § 524

Mr. Costello's first count alleges civil contempt under 11 U.S.C. § 524 against all Defendants. *See* Compl. ¶¶ 108–119. The Second Circuit, however, "has never identified a private right of action under section 524[.]" *In re Belton v. GE Cap. Retail Bank*, 961 F.3d 612, 616 (2d Cir. 2020), *cert. denied*, 141 S. Ct. 1513 (2021). Further, as recognized by the Second Circuit in *Belton*, any claim by Mr. Costello related to a violation of the bankruptcy discharge must be filed in the bankruptcy court. *Id*. at 616–17 ("[A]s this Court and numerous other circuits have concluded, the only court that may offer a contempt remedy is the court that issued the discharge order – the bankruptcy court"); *see also Yaghobi v. Robinson*, 145 F. App'x 697, 699 (2d Cir. 2005) ("Where, as in this case, a debtor thinks a creditor is acting in violation of a bankruptcy court's § 524 discharge order, relief is properly sought in the first instance from the bankruptcy court rather than in the district court, which only has appellate jurisdiction over bankruptcy cases." (internal quotation marks and citation omitted)).

Accordingly, in the absence of a private cause of action under 11 U.S.C. § 524, Mr. Costello's claim in Count One for civil contempt under 11 U.S.C. § 524 will be dismissed.

### 2.  Civil contempt under 12 U.S.C. § 4617(j)(1)(3)

Similarly, the Second Circuit has never identified a private right of action under 12

U.S.C. § 4617(j)(1)(3).[5] This provision is contained within the Housing and Economic Recovery

Act of 2008 ("HERA"), 12 U.S.C. § 4617, which created the Federal Housing Finance Agency

(the "Agency") as the conservator for the Federal National Mortgage Association ("Fannie

Mae"). Under this Act, "no court may take any action to restrain or affect the exercise of powers

or functions of the Agency as a conservator or a receiver." 12 U.S.C. § 4617(f). Neither this nor

any other provision of the Act directly mentions private individuals or any private right of action.

In the absence of such, several courts outside this Circuit have found that no private cause of

action exists. *See, e.g.*, *Kimbrell v. Fed. Hous. Fin. Agency*, 682 F. App'x 486, 488 (7th Cir.

2017) ("[T]he Act subjects the Agency to suit only by 'regulated entities,' e.g., Fannie Mae, and

never mentions private persons." (internal quotation marks omitted)); *Soto v. Wells Fargo Bank,

N.A.*, No. 11-14064, 2012 WL 113534, at *10 (E.D. Mich. Jan. 13, 2012) ("[E]ven assuming

plaintiff was eligible for a modification [under HERA] and assuming the statutes impose a duty

on Wells Fargo to modify the mortgage, the statutes do not create a private right of action under

which Plaintiff may seek relief." (internal citation and quotation marks omitted)). The Court

---

[5] The provision cited by Mr. Costello provides:

> No property of the Agency shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the Agency, nor shall any involuntary lien attach to the property of the Agency.

12 U.S.C. § 4617(j)(1)(3). As Wells Fargo points out, however, 12 U.S.C. § 4617(j)(1)(3) provides a defense to the FHFA when regulated entities foreclose on property that extinguishes the Agency's property without their consent; here, the opposite situation is at play, where Nationstar has sued to foreclose on behalf of Fannie Mae to protect the Agency's interest, not to extinguish it. *See* First Mot. to Dismiss at 19; *see also* Mem. of Decision re: Mot. to Dismiss at 6, No. 120.00 (June 21, 2019) (concluding "[t]hat [Nationstar] has sufficiently shown that it is authorized to bring [the Second Foreclosure Action] on behalf of Fannie Mae and, therefore, has standing to foreclose the defendant's mortgage").

finds these courts' reasoning persuasive, and, in the absence of any authority to the contrary, finds that Mr. Costello has failed to state a cognizable claim under 12 U.S.C. § 4617(j)(1)(3).[6]

Accordingly, Mr. Costello's claim for civil contempt under 12 U.S.C. § 4617(j)(1)(3) in Count Three will be dismissed.

### 3. Violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692

Under the FDCPA, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" is a violation of this statute. 15 U.S.C. § 1692e(10). The statute imposes civil liability on debt collectors who violate its provisions and provides that an action under the statute may be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k; *see also Rotkiske v. Klemm*, 140 S. Ct. 355, 358 (2019) (holding "[t]he statute of limitations in § 1692k(d) begins to run on the date on which the alleged FDCPA violation occurs….").

Defendants, separately and in some cases jointly, challenge this claim on several grounds. First, Ms. Cooke, Cooke Law LLC, Wells Fargo, Milford Law, Barton Gilman, and Paul Lewis Otzel challenge this count as time-barred under the one-year statute of limitations. *See* First Mot. to Dismiss at 25–26; Second Mot. to Dismiss at 22–23; Third Mot. to Dismiss at 13–14. Second,

---

[6] This conclusion is strengthened, as noted by the Seventh Circuit, by the provision of an alternate means of redressing wrongs by Fannie Mae: suit against the organization directly. *See Kimbrell*, 682 F. App'x at 48 ("Congress provided other means of redressing wrongs by Fannie Mae—it subjected the organization to suit directly[.]"); *see also Alexander v. Sandoval*, 532 U.S. 275, 290 (2001) ("The express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others."). Indeed, this is an option that Mr. Costello already pursued before this Court unsuccessfully in *Costello v. Wells Fargo Bank National Association*, No. 16-CV-1706 (VAB), 2017 WL 3262157, at *1 (D. Conn. July 31, 2017) ("*Costello I*"), *aff'd*, 739 F. App'x 77 (2d Cir. 2018) (summary order).

Cooke, Cooke Law LLC, Milford Law, Barton Gilman, and Paul Lewis Otzel argue that the FDCPA claim should be dismissed because Defendants are not "debt collectors" within the meaning of the statute. *See* First. Mot. to Dismiss at 23–25; Third Mot. to Dismiss at 13–14. Third, Franklin Pilicy, Charles Ryan, Jillian Judd, and Pilicy & Ryan P.C. argue that this Court should dismiss the FDCPA count on the grounds that Mr. Costello's allegations lack sufficient factual specificity to state a plausible claim. Fourth Mot. to Dismiss at 15–16.

In response, Mr. Costello argues his claim is timely where he has alleged a "continuing course of conduct" and the "state foreclosure action remains pending." First Obj. at 21–22; Second Obj. at 34–35; Third Obj. at 36–38. Mr. Costello also argues that Defendants are debt collectors under the FDCPA where attorneys are not immune from FDCPA liability, and, further, that he has alleged sufficient factual specificity in his Complaint. First Obj. at 20–22 (citing, *inter alia*, *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995)); Third Obj. at 36–38; Fourth and Fifth Obj. at 37–38.

The Court disagrees.

As a preliminary matter, Mr. Costello alleges no facts to support his conclusory allegation that Defendants are "debt collectors" as that term is defined by the FDCPA. *See* 15 U.S.C. § 1692a(6) ("The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."); *Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718, 1721 (2017) ("[T]he Act defines debt collectors to include those who regularly seek to collect debts 'owed . . . another.' And by its plain terms this language seems to focus our attention on third party collection agents working for a debt owner—not on a debt owner seeking

to collect debts for itself."). Mr. Costello merely alleges that various attorneys and companies

named as Defendants are debt collectors. *See, e.g.*, Compl. ¶ 50 (John Fahey); *id.* ¶¶ 57–58

(Nationstar); *id.* ¶¶ 79, 116 (Pilicy, Ryan, and Pilicy Law). These allegations are insufficient to

state a claim under the FDCPA. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers 'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"

(quoting *Twombly*, 550 U.S. at 555)); *Twombly*, 550 U.S. at 555 ("[O]n a motion to dismiss,

courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"

(quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986))).

    In addition, a foreclosure action in Connecticut action does not implicate the FDCPA,

"[a]t least where the underlying personal debt has been discharged through bankruptcy."[7]

*Thompson v. Ocwen Fin. Corp.*, No. 3:16-CV-01606 (JAM), 2018 WL 513720, at *4 (D. Conn.

Jan. 23, 2018) (where underlying debt has been discharged through bankruptcy, "an action

seeking foreclosure under Connecticut law should be considered the enforcement of a security

interest as opposed to an action to collect a debt"). Here, Mr. Costello's personal debt was

discharged through Chapter 7 Bankruptcy in 2014. *See In re Costello*, No. 14-BK-51156 (Bankr.

D. Conn. filed July 24, 2014). Indeed, Mr. Costello recognizes as much throughout the Complaint,

where his bankruptcy discharge represents his primary objection to the foreclosure and other

alleged debt collection actions against him. *See, e.g.*, Compl. ¶¶ 48, 55, 66, 80; *see also*

*Thompson*, 2018 WL 513720, at *4 ("[A] discharge injunction under 11 U.S.C. § 524 'only

---

[7] Within this District, as noted in *Thompson*, there is a disagreement as to whether foreclosure actions in Connecticut generally, which seek to enforce a security interest rather than a monetary debt, fall within the protections of the FDCPA. *See Thompson*, 2018 WL 513720, at *4 (citing, *inter alia*, *Derisme v. Hunt Leibert Jacobson P.C.*, 880 F. Supp. 2d 339 (D. Conn. 2012); *Cicalo v. McCalla Raymer Leibert Pierce*, 2017 WL 3444675, at *3–*5 (D. Conn. 2017)). Here, however, as in *Thompson*, the Court need not resolve that disagreement, where the underlying debt has been discharged through bankruptcy. *See Thompson*, 2018 WL 513720, at *4; *see also* Compl. ¶ 43 (noting discharge of Bankruptcy Court on plaintiff's scheduled debts in 2014).

prevents enforcement of personal liability,' and 'it does not prevent foreclosure of a mortgage that remains in default after a discharge is issued and a chapter 7 case is closed.'" (citing *In re Wilson*, 492 B.R. 691, 696 (Bankr. S.D.N.Y. 2013)).

Even were this not the case, Mr. Costello's FDCPA claims are time-barred. Mr. Costello filed his Complaint on December 18, 2021, and, accordingly, any "violation" must have occurred between December 18, 2020 and December 17, 2021. *See Rotkiske*, 140 S. Ct. at 360 (FDCPA's "language unambiguously sets the date of the violation as the event that starts the one-year limitations period"). The violations that Mr. Costello alleges, however, occurred well before this limitations period; as relevant to the foreclosure actions, these began to accrue at the latest on November 26, 2018.[8] Notably, although Mr. Costello alleges that Defendants "continue to attempt to collect a debt through unfair and unconscionable means," Compl. ¶ 205, the pendency of litigation does not extend the statute of limitations, *see Egbarin v. Lewis, Lewis & Ferraro LLC*, No. 3:00-CV-1043 (JCH), 2006 WL 236846, at *9 (D. Conn., Jan. 31, 2006) ("FDCPA claims based on the filling of a lawsuit generally accrue when a claim is filed, not when judgment is rendered." (collecting cases)); *see also Calka v. Kucker, Kruas & Bruh, LLP*, No. 98-CV-0990 (RWS), 1998 WL 437151, at *3 (S.D.N.Y. Aug. 3, 1998) (rejecting theory that "each proceeding in the State Action amounted to a new FDCPA violation" and finding that FDCPA claim accrued on date that lawsuit was filed).

Accordingly, the Court will dismiss Mr. Costello's FDCPA claim in Count Eight against all Defendants.

---

[8] The Court takes judicial notice of a third foreclosure action, filed after this Complaint. *See Lynwood Condo. Ass'n v. Costello*, UWY-CV22-6064253-S (Conn. Super. Ct. filed Feb. 10, 2022). That case, currently pending, post-dated the allegations in the Complaint and accordingly is not addressed in this Ruling and Order.

### 4.  42 U.S.C. § 1983

Mr. Costello also alleges generally violation of his statutory and constitutional rights under 42 U.S.C. § 1983. *See, e.g.*, Compl. ¶¶ 1, 6. Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ." 42 U.S.C. § 1983.

Section 1983 does not provide a remedy with respect to "merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) (internal quotation marks omitted) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). To state a Section 1983 claim, the Complaint must indicate that the relevant action causing the constitutional deprivation was "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936–37 (1982). Mr. Costello's Section 1983 claim must be dismissed because he has not plausibly alleged that the Defendants acted under color of state law. *See* Fed. R. Civ. P. 12(b)(6).

To prove an action is attributable to the State, "a plaintiff must establish both that [the] alleged constitutional deprivation [was] caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible, *and* that the party charged with the deprivation [is] a person who may fairly be said to be a state actor." *Grogan v. Blooming Grove Volunteer Ambulance Corps.*, 768 F.3d 259, 263–64 (2d Cir. 2014) (citations and internal quotation marks omitted). The latter inquiry requires proof that "there is such a close nexus between the State and the challenged action that

seemingly private behavior may be fairly treated as that of the State itself." *Id.* at 264 (internal quotation marks and citations omitted).

At the pleading stage, a plaintiff need not conclusively prove state action but must plausibly allege that it occurred by relying on more than "vague and conclusory" statements. *White v. Monarch Pharm., Inc.*, 346 Fed. App'x 739, 741 (2d Cir. 2009) (citation omitted) (affirming dismissal of a Section 1983 claim for failing to plausibly allege state action); *Spear v. Town of W. Hartford*, 954 F.2d 63, 68 (2d Cir. 1992) (citation omitted) (same); *Ciambriello v. Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) ("A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." (citation omitted)).

Here, Mr. Costello fails to allege, in a conclusory much less plausible fashion, that the actions of the private individuals and companies sued are attributable to a governmental actor. Further, "[p]articipation by a private party in litigation does not, without more, constitute state action." *Secard v. Wells Fargo Bank, N.A.*, No. 15–CV–499, 2015 WL 6442563, at *3 (E.D.N.Y. Sept. 9, 2015) (citing *Stevens v. Frick*, 372 F.2d 378, 381 (2d Cir. 1967)); *see also Kamasinski v. Rubin*, 764 F. Supp. 741, 743 (D. Conn. 1991) ("use by a private party of the state court for litigation does not 'clothe persons who use its judicial processes with the authority of the state'[] as contemplated under the § 1983 state action requirement" (citing *Frick*, 372 F.2d at 381)). Furthermore, "it is black letter law that '[p]rivate law firms and attorneys . . . are not state actors for section 1983 purposes.'" *Koziol v. King*, No. 6:14-CV-946 GLS/TWD, 2015 WL 2453481, at *11 (N.D.N.Y. May 22, 2015) (internal quotation marks and citations omitted) (collecting cases); *see also Cramer v. Englert*, 93 F. App'x 263, 264 (2d Cir. 2004) (summary order) (Section 1983 suit against attorney in malpractice suit properly dismissed where plaintiff failed

to allege "how the conduct of the attorneys named in this suit . . . constitutes state action")
(internal quotation marks omitted)). As a result, Mr. Costello has failed to allege state action, as
required to raise claims of violation of federal law under § 1983.

Accordingly, Mr. Costello's claims under § 1983 will be dismissed.

### 5. Remaining State Law Claims

The remaining claims under Counts Two, Four, Five, Six, Seven, and Nine, alleging civil
contempt under Connecticut General Statutes § 47-36(f); civil contempt under Connecticut
General Statutes § 49-31s(b)(3); abuse of process under Connecticut General Statutes § 49-10;
abuse of process under Connecticut General Statutes § 49-51; abuse of process under
Connecticut General Statutes § 21-210; and violation of CUTPA, all arise under state law.
Consequently, before reaching the merits of these claims, the Court must determine whether to
exercise supplemental jurisdiction over them.

Under 28 U.S.C. § 1367(a),

> in any civil action of which the district courts have original jurisdiction,
> the district courts shall have supplemental jurisdiction over all other
> claims that are so related to claims in the action within such original
> jurisdiction that they form part of the same case or controversy under
> Article III of the United States Constitution.

"[D]istrict courts may decline to exercise supplemental jurisdiction over a claim,"
however, if "the district court has dismissed all claims over which it has original jurisdiction." *Id.*
§ 1367(c)(3).

Supplemental or pendent jurisdiction is a matter of discretion, not of right. *See United
Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1996). Where all federal claims have been
dismissed before a trial, state claims generally should be dismissed without prejudice and left for
resolution by the state courts. *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484

U.S. 343, 350 (1988) ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."); *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise supplemental jurisdiction over the remaining state-law claims." (citation and internal quotation marks omitted)).

"Once a district court's discretion is triggered under § 1367(c)(3), it balances the traditional values of judicial economy, convenience, fairness, and comity." *Kolari*, 455 F.3d at 122 (internal quotation marks and citation omitted); *see also Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 83 (2d Cir. 2018) ("If one of the § 1367(c) categories applies, the district court may then undertake the discretionary inquiry of whether to exercise supplemental jurisdiction . . . . '[A] district court should not decline to exercise supplemental jurisdiction unless it also determines that doing so would not promote the values articulated in *Gibbs*: economy, convenience, fairness, and comity.'" (quoting *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004))).

"In weighing these factors, the district court is aided by the Supreme Court's additional guidance in *Cohill* that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" *Kolari*, 455 F.3d at 122 (quoting *Cohill*, 484 U.S. at 350); *see also Catzin*, 899 F.3d at 83 ("Under this prong, in a great many cases, the evaluation will usually result in the dismissal of the state-law claims." (citation omitted))

But, as the Second Circuit recently emphasized, "[t]he principle that the elimination of federal-law claims prior to trial generally points to declining to exercise supplemental jurisdiction 'in the usual case' clearly does not mean that the balance of factors always points that way." *Catzin*, 899 F.3d at 86. Thus, "[w]hen §1367(c)(3) applies, the district court must still meaningfully balance the supplemental jurisdiction factors" of judicial economy, convenience, fairness, and comity before declining to exercise supplemental jurisdiction. *Id.*

The balance of factors here weighs in favor of declining to exercise supplemental jurisdiction, as the sole claims conferring jurisdiction on this Court will be dismissed, as discussed above. The Court finds at this juncture that principles of comity suggest that Connecticut courts are more suited to determine the viability of Plaintiff's remaining claims, as well as to determine whether principles of *res judicata* or collateral estoppel bar re-litigation of issues already decided in state foreclosure proceedings.[9]

Accordingly, Counts Two, Four, Five, Six, Seven, and Nine will be dismissed without prejudice to renewal in state court.

### C.  Leave to Amend

As a general matter, "it is often appropriate for a district court, when granting a motion to dismiss for failure to state a claim, to give the plaintiff leave to file an amended complaint." *Van Buskirk v. N.Y. Times Co.*, 325 F.3d 87, 91 (2d Cir. 2003) (citing *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)). And, for *pro se* litigants in particular, the Second Circuit has endorsed

---

[9] As to the arguments advanced in several motions to dismiss that this action is barred by *res judicata* or collateral estoppel after *Costello I*, the Court notes that neither doctrine likely applies, at least to dismiss this suit as a whole, where Mr. Costello has sued multiple new parties, raised new statutory claims, and, viewing the Complaint in the light most favorable to Mr. Costello, likely has alleged fraud arising from a different set of factual circumstances. *See Bailey v. Interbay Funding, LLC*, No. 3:17-CV-1457 (JCH), 2018 WL 1660553, at *9 (D. Conn. Apr. 4, 2018) ("The doctrine of res judicata . . . that 'a final judgment on the merits bars a subsequent action between the same parties over the same cause of action.'" (quoting *Channer v. DHS*, 527 F.3d 275, 279 (2d Cir. 2008))); *Cent. Hudson Gas & Elec. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 368 (2d Cir. 1995) (collateral estoppel requires, *inter alia*, that an "identical" issue was raised in a previous proceeding).

"relaxation of the limitations on the amendment of pleadings[.]" *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (citing *Holmes v. Goldin*, 615 F.2d 83, 85 (2d Cir. 1980) ("A *pro se* plaintiff . . . should be afforded an opportunity fairly freely to amend his complaint.")); *see also Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) ("A *pro se* complaint should not be dismissed without the Court's granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (internal quotation marks, alterations, and citation omitted)).

But where there is no indication that pleading additional facts would resuscitate a claim that has been dismissed, the Court need not grant leave to amend. *See Grullon*, 720 F.3d at 140 ("Leave to amend may properly be denied if the amendment would be 'futil[e].'" (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend."); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("[W]e do not find that the complaint liberally read suggests that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe . . . . The problem with [this *pro se* plaintiff's] causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied." (citations, internal quotation marks, and alterations omitted)).

Here, it would be futile to grant Mr. Costello leave to amend his Complaint to resuscitate his federal claims, where the primary deficiency in his pleadings is substantive, rather than the result of inartful pleading. As noted above, no private cause of action exists under 11 U.S.C. § 524 and 12 U.S.C. § 4617(j)(1)(3) upon which Mr. Costello could base a claim for damages or other relief. *See supra* § III.B.1–2. In addition, Mr. Costello's FDCPA claim fails where his

personal debt underlying the mortgages at issue was discharged in bankruptcy and the limitations period has run. *See supra* § III.B.3. Similarly, Mr. Costello's claim under 42 U.S.C. § 1983 is barred, where he has sued private parties and cannot allege state action. *See supra* § III.B.4. Finally, the Court notes that this is not Mr. Costello's first lawsuit in this Court regarding foreclosure proceedings against him, including in the matter previously adjudicated by this Court in *Costello v. Wells Fargo Bank Nat'l Ass'n*, No. 16-CV-1706 (VAB), 2017 WL 3262157, at *1 (D. Conn. July 31, 2017) ("*Costello I*"), *aff'd*, 739 F. App'x 77 (2d Cir. 2018) (summary order). In light of the proliferation of litigation on this issue, the Court finds that "granting leave to amend is unlikely to be productive," and, therefore, is well within its discretion to deny leave to amend the Complaint. *Ruffolo*, 987 F.2d at 131.

Accordingly, the Court will not grant Mr. Costello leave to amend.

## IV.    CONCLUSION

For the reasons explained below, the [25], [57], [67], [72], [74], [87], [90], and [93] motions to dismiss are **GRANTED**. The Clerk of Court respectfully is directed to close the case.

**SO ORDERED** at Bridgeport, Connecticut, this 3rd day of June, 2022.

     /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge